UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

DANIEL GORMAN,                                                   CIVIL ACTION

     Plaintiff                                                        NO. 3:03CV1023 (JCH)

VS.

METRO-NORTH RAILROAD COMPANY,

     Defendant                                                      DECEMBER 19, 2003
_____X

## PARTIES' JOINT RULE 16 STATUS REPORT

1.  The plaintiff, Daniel Gorman, alleges that Metro-North violated the Federal Employers' Liability Act 45 U.S.C. Sec. 51 (FELA) in that it failed to provide him with a reasonably safe place to work.  Specifically, the plaintiff claims he broke his left thumb and injured his right shoulder on July 16, 2003, because he tripped on an old rail left between track 2 and track 4. (From north to south the four main tracks that run between New Haven and New York are numbered 3, 1, 2, and 4 respectively).  Specifically, the plaintiff claims Metro-North negligently maintained or inspected the track and the area near the track; Metro-North failed to maintain or inspect the track and the area near the track; and Metro-North failed to provide adequate lighting and negligently left an old rail in between track 2 and track 4.

2.  The defendant denies it was negligent.

3.   The plaintiff responded to defendant's interrogatories and requests for production.  The defendant is in the process of responding to the plaintiff's September 22, 2003 interrogatories and requests for production.  The plaintiff anticipates taking depositions of the Metro-North employees who investigated the accident, the Metro-North employee responsible for inspecting and maintaining the area where the accident happened and a representative of Metro-North Benefits Department.  Metro-North will take the plaintiff's deposition and the depositions of the purported witnesses to the plaintiff's alleged fall.  These depositions are expected to be completed by April 30, 2004.  Also, the plaintiff will request a site inspection to photograph the accident location and the old rail between tracks 2 and 4.

4. It is unlikely a dispositive motion will be filed.

5. The parties do not anticipate the need for additional pleadings.

6. This case should be ready for trial in June of 2004.

7. At this time the parties cannot think of any additional preparation that will be needed.

8. The parties believe the Court can facilitate the progress of this case by scheduling a settlement conference with a Magistrate Judge in early May of 2004.

3

9.  The parties do not believe a settlement conference would be beneficial at this time and they believe there is a need to conduct the aforementioned discovery before meaningful settlement discussions can take place.

The parties hereby certify that they made good faith settlement efforts since the issuance of the Court's September 23, 2003 dated Order.   The plaintiff relayed a demand to Metro-North's attorney on December 18, 2003, and Metro-North has not yet made an offer.  There is a significant gap in the parties' position at this time.

The parties certify that they had a good faith discussion to determine if they consent for referral to a Magistrate Judge and they do not consent to a referral.

4

Date:    December \_\_\_\_, 2003        FOR THE PLAINTIFF, DANIEL GORMAN


By_____
    Scott Perry (ct17236)
    CAHILL & GOETSCH, P.C.
    43 Trumbull Street
    New Haven, Connecticut 06511
    (203) 777-1000

5

FOR THE DEFENDANT, METRO-NORTH
 RAILROAD COMPANY


By_____
    Patrick J. Flaherty (ct04303)
    COONEY, SCULLY AND DOWLING
    Hartford Square North
    Ten Columbus Boulevard
    Hartford, Connecticut  06106
    (203) 357-9200

5

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 19th day of December, 2003, to Patrick J. Flaherty, Esq., Cooney, Scully and Dowling, Hartford Square North, Ten Columbus Boulevard, Hartford, Connecticut  06106.


_____
Scott E. Perry